UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

INTERNATIONAL MARINE RECOVERY, LLC,   Case no.: 07-81030-Civ-Marra/Johnson

Plaintiff,

vs.

THE UNIDENTIFIED, WRECKED, AND ABANDONED
VESSEL, her tackle, armament, apparel and cargo located
within 1,000 yards of a point located at coordinates 26° 38
minutes, 00 seconds to 26° 39 minutes, 48 seconds North
latitude, 80° 02 minutes, 15 seconds and 80° 01 minute,
30 seconds West longitude,

Defendant.
_____/

INTERNATIONAL MARINE RECOVERY, LLC,   Case no.: 08-80105-Civ-Marra/Johnson

Plaintiff,

vs.

THE UNIDENTIFIED, WRECKED, AND ABANDONED
VESSEL, her tackle, armament, apparel and cargo located
within 1,000 yards of a point located at coordinates 26° 33' 00"
to 26° 33' 49" North Latitude, 80° 02' 29" to 80° 02' 00"
West longitude,

Defendant.
_____/

INTERNATIONAL MARINE RECOVERY, LLC,   Case no.: 08-80106-Civ-Marra/Johnson

Plaintiff,

vs.

THE UNIDENTIFIED, WRECKED, AND ABANDONED
VESSEL, her tackle, armament, apparel and cargo located
within 1,000 yards of a point located at coordinates 26° 45'
00" to 26° 44' 00" North latitude, 80° 02' 00" to 80° 01' 30"

West longitude,

Defendant.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Claimant/Owner The State of Florida's ("Claimant") Motion to Dismiss for Insufficiency of Service and Lack of Subject Matter Jurisdiction (DE 20, case no. 07-81030; DE 19, case no. 08-80105; DE 21, case no. 08-80106); Plaintiff International Marine Recovery's ("Plaintiff") Motion for Court to Compel Marshal to Comply with Court's Order (DE 21, case no. 07-81030; DE 20, case no. 08-80105; DE 22, case no. 08-80106) and Plaintiff's Motion for an Extension of Time to Effectuate Service (DE 22, case no. 07-81030; DE 21, case no. 08-80105; DE 23, case no. 08-80106). The Court held a hearing on November 6, 2008.  The Court has carefully considered the motions and argument of counsel and is otherwise fully advised in the premises.

I.  Background

In each of these three admiralty cases, Plaintiff seeks a salvage award based on the recovery of artifacts from an abandoned shipwreck in the Atlantic Ocean, off the coast of Palm Beach County.  The Court will discuss the procedural history of each case in turn.

Case no. 07-81030

In this action, the original plaintiff, Bradley Williamson, filed a *pro se* verified complaint on November 1, 2007 (DE 1), seeking a warrant of arrest.  After holding a hearing (DE 5), the Court issued an order directing the issuance of the warrant of arrest (DE 7), and the warrant of arrest issued on November 21, 2007 (DE 8).  Mr. Williamson was appointed substitute custodian

(DE 6 and 10). On February 26, 2007, Mr. Williamson filed an Amended Complaint (DE 9), but no arrest warrant issued. On March 3, 2008, the Court issued an order to show cause stating that it appeared that Mr. Williamson had been awarded all the relief sought and no additional activity was likely to occur in the case. That order inquired if there was any reason why the Court should not close the case and informed Mr. Williamson that he could petition the Court to reopen the case at any time (DE 11). Mr. Williamson did not respond to the Order and the Court closed the case on March 31, 2007 (DE 12).

On June 9, 2008, after obtaining counsel and substituting parties, Plaintiff petitioned to reopen the case (DE 14), which the Court granted (DE 16). On June 19, 2008, Plaintiff moved for a stay of the case (DE 18). On September 4, 2008, Claimant appeared and moved to dismiss this case for failure to effect proper service over the artifacts.

<u>Case no. 08-80105</u>

Mr. Williamson filed a Verified Complaint in this action on February 1, 2008 (DE 1), seeking a warrant of arrest. The Court issued an order directing the issuance of the warrant of arrest (DE 7), and the warrant of arrest followed on February 7, 2008 (DE 8). Mr. Williamson was appointed substitute custodian (DE 6). After issuing an order to show cause (DE 9), the case was closed (DE 10). On June 9, 2008, after obtaining counsel and substituting parties, Plaintiff moved to reopen the case (DE 13), which the Court granted (DE 14). On June 19, 2008, Plaintiff moved for a stay of the case (DE 16), and the Court granted a sixty-day stay (DE 17). On September 4, 2008, Claimant appeared and moved to dismiss this case for failure to effect proper service over the artifacts (DE 19).

Case no. 08-80106

Mr. Williamson filed a Verified Complaint in this action on February 1, 2008 (DE 1) and the case was assigned to Judge Donald M. Middlebrooks.  Judge Middlebrooks issued an order directing the warrant of arrest (DE 5), but the warrant never issued.  Judge Middlebrooks also appointed Mr. Williamson as substitute custodian (DE 4 and 6). After substituting parties (DE 9), Plaintiff filed a motion to stay (DE 11), which was denied (DE 12). On July 29, 2008, the case was transferred to the undersigned (DE 19).   On September 4, 2008, Claimant appeared and moved to dismiss this case for failure to effect proper service over the artifacts (DE 21).

In moving to dismiss all three cases based on alleged failure to effect service, Claimant contends that there is no in rem jurisdiction, requiring dismissal of the actions.  Specifically, Claimant argues that dismissal is required because more than 120 days have passed since the filing of the Complaint without service of process.  Lastly, Claimant notes that there is no return of service or any other document in the record indicating that service of process has been effected.

At the hearing and in its memorandum, Plaintiff states that, as of June 17, 2008, negotiations were ongoing with Claimant. Based on those negotiations, Plaintiff claims it was understood that it would take no further action to arrest the artifacts. In addition, Plaintiff claims that when it attempted to arrest the artifacts, the United States Marshal was unwilling to comply with the warrants.  Plaintiff now asks for an extension of time to effectuate service, and for an order compelling the United States Marshal to arrest the items from the wreckage.  Based on these facts, Plaintiff asserts that Claimant  should be estopped from asserting lack of proper service.

II.  Discussion

In examining the issue of proper service, the Court must look to Rule 4(m) of the Federal Rules of Civil Procedure.  See Farbwerke Hoescht A.G. v. M/V Don Nicky, 589 F.2d 795, 797 (5th Cir. 1979)[1] ("[t]he Federal Rules of Civil Procedure are fully applicable in admiralty cases"). Rule 4(m) requires that a plaintiff serve a summons and complaint to all defendants within 120 days after the complaint is filed in court. Fed.R.Civ.P. 4(m).  Rule 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court-on motion or on its own after notice to the plaintiff- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m).

The Court's decision to grant an extension of time under Rule 4(m) is reviewed under the abuse of discretion standard.  Lepone-Dempsey v. Carroll County Commissioners, 476 F.3d 1277, 1280 (11th Cir. 2007).  "Good cause exists only when some outside factor such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." Id. citing Prisco v. Frank, 929 F.2d 603, 604 (11th Cir.1991).  However, even in the absence of good cause, a district court may exercise its discretion to extend the time for service of process.  See Horenkamp v. Van Winkle and Co., Inc., 402 F.3d 1129, 1132-33 (11th Cir. 2005) ("Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence

---

[1] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit.  Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

5

of a showing of good cause").

Here, the Court finds that Plaintiff has shown good cause to extend the time for service. The Court also notes that, even in the absence of good cause, the facts of this case warrant an extension of time for service. All three of these cases required effectuating service over an abandoned shipwreck. The original plaintiff, Mr. Williamson, who was proceeding *pro se*, was not familiar with the complex and arcane procedure to arrest a vessel submerged in ocean waters. Nor did the Court possess the required familiarity. When Plaintiff appeared at the office of the United States Marshal with the artifacts to be arrested, the deputy marshal expressed reluctance to arrest the artifacts. Based on these facts, the Court finds that an extension of the time to effectuate service is appropriate.

This conclusion is supported by the posture all three cases now share. Unlike the commencement of these cases, Plaintiff is represented by counsel and the State of Florida is now a party. Having counsel well-versed in admiralty procedure will be useful to the Court. Moreover, all three cases are now before the undersigned and, according to counsel, have identical legal issues and are appropriate for consolidation. In other words, by allowing service of process to occur at this juncture, all three cases will be on the same track and judicial efficiency will be served.

III.  Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1) Claimant's Motion to Dismiss for Insufficiency of Service and Lack of Subject Matter Jurisdiction (DE 20, case no. 07-81030; DE 19, case no. 08-80105; DE 21, case no. 08-80106) is **DENIED**.

2) Plaintiff's Motion for Court to Compel Marshal to Comply with Court's Order (DE 21, case no. 07-81030; DE 20, case no. 08-80105; DE 22, case no. 08-80106) is **DENIED AS MOOT**.

3) Plaintiff's Motion for an Extension of Time to Effectuate Service (DE 22, case no. 07-81030; DE 21, case no. 08-80105; DE 23, case no. 08-80106) is **GRANTED**.

4) Plaintiff shall prepare proposed orders (i.e., orders directing the issuance of the arrest warrant, the arrest warrant, and, if desired, an order appointing substitute custodian) for the Court. Prior to filing them with the Court, Plaintiff should attempt to obtain Claimant's approval of their form.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 16th day of November 2008.

_____
KENNETH A. MARRA
United States District Judge